UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MACRO ELECTRONICS CORP.
and STEVEN P. APELMAN,

    Plaintiffs,

v.                                                                           Case No. 8:24-cv-01296-WFJ-SPF

BIOTECH RESTORATIONS OF
FLORIDA LLC

    Defendant.
_____/

# ORDER

Upon due and careful consideration of Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint, Dkt. 28, and Plaintiffs' Response in Opposition, Dkt. 29, the Court concludes that the First Amended Complaint (the "Amended Complaint") is sufficient to withstand dismissal.

## I. BACKGROUND

Plaintiffs Macro Electronics Corp. and Steven P. Apelman (the "Plaintiffs") bring this action seeking to void alleged fraudulent transfers made by Christopher Young ("Young") to Biotech Restorations of Florida, LLC, ("Biotech 2" or the "Defendant") in violation of Florida's Uniform Fraudulent Transfer Act ("FUFTA"), Chapter 726, Florida Statutes. Dkt. 1. On July 9, 2024, this Court dismissed

Plaintiffs' original complaint, Dkt. 1, without prejudice for failure to state a claim. Dkt. 26. In an Endorsed Order, the Court directed Plaintiffs to do the following:

> The Plaintiff should cite to the applicable Florida procedural statute in any amended complaint, including setting forth the elements thereunder. What was conveyed fraudulently must be alleged. Remedy is available, of course, not for the amount of the underlying judgment but for the amount that the Plaintiff can prove was fraudulently conveyed in defeat of creditors. If Plaintiff seeks to replead, Plaintiff would do well to review case law on these points such as those arising under Florida Stat. Chap. 726. Likewise, if Plaintiff seeks to assert any type of "alter ego" or "veil piercing" allegations, the elements of that theory under Florida substantive law should also be consulted. For now, the complaint is insufficiently vague as to the required elements and facts. *See generally*, *Isaiah v. J.P. Morgan Chase Bank*, 960 F.3d 1296 (11th Cir. 2020); *SE Prop. Holdings, LLC v. Welch*, 65 F.4th 1335 1347-49 (11th Cir. 2023).

*Id.* On July 23, 2024, Plaintiffs filed an Amended Complaint that set forth the following factual allegations, which the Court accepts as true and draws all reasonable inferences from those facts in favor of the non-movant, Plaintiffs.[1]

On January 10, 2018, Plaintiffs obtained a default judgment in the Eastern District of New York (the "Judgment") against Biotech Restorations LLC ("Biotech 1") and Young to the sum of $210,987.50 plus post-judgment interest. Dkt. 27 ¶12. Plaintiffs registered the Judgment in the U.S. District Court for the Middle District of Florida on May 20, 2022. *Id.* ¶13. On January 5, 2024, Plaintiffs filed a motion to

---

[1] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  The Court need not accept as true any legal conclusions "couched" as facts.  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)).

2

enforce the Judgment against Young and Biotech 1, and Magistrate Judge Amanda Sansone issued an Order on June 13, 2024, denying Plaintiffs' motion because Federal Rule of Civil Procedure 80(a), (e) was the incorrect vehicle to enforce the Judgment. *Id.* ¶¶14; *see Order Denying Motion to Enforce Judgment*, No. 8:22-mc-00018-CEH-AAS (M.D. Fla.) (Document No. 23), filed June 13, 2024.

On or about June 8, 2020, Young allegedly founded Biotech 2 in Florida. Dkt. 27 ¶23. Plaintiffs allege that Young's position in Biotech 2 is "Founder" or "Chief Technological Officer" based on a screenshot of Biotech 2's website and a *Bradenton Herald* newspaper article. *Id.* ¶¶24-26; Dkts. 27-5 & 27-7. Plaintiffs contend Biotech 2 is "the 'reincarnation' of [Biotech 1], which had been located in Denver, North Carolina, [and] one of the Defendants against whom the default Judgment was entered in favor of Plaintiffs." Dkt. 27 ¶28. Biotech 2 was allegedly created "at least in part" for the "purpose of fraudulently transferring the assets and business interests of [Biotech 1] . . . to avoid satisfying the Judgment rendered against [Biotech 1]. . . ." *Id.* ¶31. Young supposedly transferred assets to Biotech 2 "after the obligation arose against judgment debtors [Biotech 1] and Young." *Id.* ¶33. This transfer of assets included "revenues of [Biotech 1] and/or the personal assets of Christopher Young" which indicate "an actual intent to hinder, delay, or defraud judgment creditors . . . and fraudulently avoid payment of the Judgment." *Id.* ¶34. Because, as alleged, the transfer of assets represents a fraudulent transfer

3

under Florida Statute § 726.105(1)(a) and (2), Plaintiffs ask the Court to compel Defendant to remit assets fraudulently received from Young and Biotech 1. *Id.* ¶¶40, 42.

## II.  DISCUSSION

For the reasons discussed below, the Court finds Plaintiffs have pled just beyond a "formulaic recitation of a cause of action's elements [that] will not do." *Oginsky v. Paragon Props. of Costa Rica Ltd. Liab. Co.*, 784 F. Supp. 2d 1353, 1371 (S.D. Fla. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Defendant's Motion to Dismiss for Failure to State a Claim is denied.

### A. Standard of Review

Federal Rule of Civil Procedure 8(a) requires a short and plain statement of the claim showing that the plaintiff is entitled to relief in order to give the defendant fair notice of the claims and grounds. *Twombly*, 550 U.S. at 555. (citation omitted). The plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering a motion to dismiss, the court must construe the facts in the light most favorable to the Plaintiff. *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to survive a motion to

4

dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim is facially plausible when the court can draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 662. The standard on a Federal Rule of Civil Procedure 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his claims, but whether the allegations are sufficient to allow the case to proceed to discovery in an attempt to prove those claims. *See Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

### B. Plaintiffs have Sufficiently Alleged a Fraudulent Transfer Occurred under FUFTA

Defendant's motion to dismiss argues Plaintiffs' Amended Complaint suffers from the same deficiencies as the original complaint by failing to properly state a claim under FUFTA. Dkt. 28 at 1–2. Specifically, Defendant contends Plaintiffs failed to (1) properly allege facts showing the "debtor intended fraud" and (2) specify the assets conveyed to Biotech 2. *Id.* at 9. The Court disagrees and finds Plaintiffs have met the "bare bones" pleading threshold required under Federal Rule of Civil Procedure 8(a). *See GO Traders, S.A. v. Intertex Miami, LLC*, No. 1:18-CV-21372-KMM, 2018 WL 7287151, at *3 n.5 (S.D. Fla. Oct. 24, 2018) (noting even one sentence can be enough for "the bare-bones pleading threshold required under Federal Rule of Civil Procedure 8(a)").

FUFTA's actual fraud provision states in relevant part: "transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (a) [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor . . . ." FLA. STAT. § 726.105(1)(a). To plead a cause of action for fraudulent transfer under the statute, a plaintiff must allege "[1] a creditor to be defrauded, [2] a debtor intending fraud, [3] and a conveyance of property which is applicable by law to the payment of the debt due." *Wiand v. Lee*, 753 F.3d 1194, 1199 (11th Cir. 2014) (quoting *Johnson v. Dowell*, 592 So. 2d 1194, 1196 (Fla. 2d DCA 1992)). A fraudulent transfer must be of an "asset," which FUFTA defines as any "property of a debtor," excluding certain narrow exceptions. FLA. STAT. § 726.102(2).

Because of the difficulty in proving actual intent, FUFTA looks to indicia of intent commonly known as "badges of fraud." *Wiand*, 753 F.3d at 1200; *see also Yaralli v. Am. Reprographics Co., LLC*, 165 So. 3d 785, 788 (Fla. 4th DCA 2015) ("Because the determination of actual fraudulent intent can be difficult, courts look to certain 'badges of fraud' to determine whether the transfer was made with the intent to defraud creditors.") (citations omitted). FUFTA identifies eleven badges of fraud that can be used to adduce intent. *See* FLA. STAT. § 726.105(2)(a)-(k). "Although the presence of one specific 'badge' will not be sufficient to establish

6

fraudulent intent, the 'confluence of several can constitute conclusive evidence of an actual intent to defraud.'" *Dionne v. Keating (in Re Xyz Options)*, 154 F.3d 1262, 1271 n.17 (11th Cir. 1998) (citation omitted). The list of badges is not exhaustive, and courts may consider the particular facts surrounding the conveyance, including circumstances following a transfer. *Id.* at 1271; *Gen. Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1498-99 (11th Cir. 1997).

Additionally, pleading a FUFTA claim does not require the plaintiff to comply with Federal Rule of Civil Procedure Rule 9(b) in pleading fraud with particularity. *Citgo Petroleum Corp. v. Mid-State Energy, Inc.*, No. 8:19-cv-245-VMC-JSS, 2019 WL 1330733, at *3 (M.D. Fla. Mar. 25, 2019). However, the claim must satisfy the lower Rule 8(a) standard espoused in *Twombly* and *Iqbal*, and the plaintiff must plead facts moving the claims "across the line from conceivable to plausible." *Columbia Cas. Co. v. W. Jacksonville Care & Rehab. Ctr., LLC*, No. 3:18-cv-1384-J-39JBT, 2019 WL 5103336, at *2 (M.D. Fla. June 17, 2019) (dismissing FUFTA claims and quoting *Twombly*), *approved by*, 2019 WL 5103337 (M.D. July 24, 2019).

Here, Plaintiffs allege three badges of fraud to prove actual intent: (1) the transfer was to an insider; (2) the debtor retained possession and/or control of the assets after the transfer to Biotech 2; and (3) before the transfer was made, the debtor had been sued. *See* FLA. STAT. § 726.105(2)(a), (b), (d). Beginning with badge one,

7

the Amended Complaint asserts that Young (as the judgment debtor and founder of Biotech 2) transferred assets to Biotech 2. Dkt. 27 ¶¶24, 36. Biotech 2 can be classified as an "insider" under FUFTA because Young is allegedly the founder or chief technological officer. *Id.* ¶¶24, 25; FLA. STAT. § 726.102(8)(a)4. (defining "insider" as "[a] corporation of which the debtor is a director, officer, or person in control").

Next, the second badge has been sufficiently alleged since the Amended Complaint states, "judgment debtor Christopher Young retained possession and/or control of the assets and property fraudulently transferred, namely, the assets of [Biotech 1] after those assets were transferred by Christopher Young to Defendant [Biotech 2]." Dkt. 27 ¶36. Put simply, Young "retained possession or control of the property transferred" to Biotech 2. *See* FLA. STAT. § 726.105(2)(b).

The third and final badge has been properly alleged since the Amended Complaint claims Young "transferred assets, including revenues of [Biotech 1] and/or his personal assets, to [Biotech 2] *after* the obligation arose against judgment debtors. . . ." Dkt. 27 ¶33 (emphasis added). This alleged transfer plainly falls within the conduct outlined in Fla. Stat. § 726.105(2)(d) ("Before the transfer was made . . . the debtor had been sued. . . ."). As such, the Court finds the Amended Complaint passes the low bar of Rule 8(a) by alleging three badges of fraud to prove actual intent under FUFTA. *See GO Traders*, 2018 WL 7287151, at *3 n. (alleging three

8

badges of fraud, even if stated "in just one brief sentence in the complaint," is enough to survive a motion to dismiss); *Perlman v. Am. Express Centurion Bank*, No. 19-61386-CIV, 2020 WL 10181895, at *6 (S.D. Fla. July 17, 2020) (finding plaintiff sufficiently pled two badges of fraud); *Eox Tech. Sols. Inc. v. Galasso*, No. 23-CV-60448-RAR, 2023 WL 8116774, at *3 (S.D. Fla. Nov. 22, 2023) (denying a motion to dismiss since alleging six badges of fraud in the complaint was sufficient).

Finally, Defendant's motion states that the Amended Complaint is "nearly identical to the one found insufficient in *Oginsky v. Paragon Props. of Costa Rica Ltd. Liab. Co.*, 784 F. Supp. 2d 1353, 1371 (S.D. Fla. 2011)." Dkt. 28 at 10. The Court disagrees. The facts in *Oginsky* are distinguishable from the facts before this Court. In *Oginsky*, the court first determined the plaintiffs failed to identify the "debtors" by vaguely referring to sixteen separate entities in the complaint. *Oginsky*, 784 F. Supp. 2d at 1370. Second, the plaintiffs in *Oginsky* failed to adequately allege the intent element by not raising a single badge of fraud. *Id*. Neither of those deficiencies are present in Plaintiffs' Amended Complaint. As discussed above, Plaintiffs have specifically alleged two debtors—Young and Biotech 1—and pointed to three possible badges of fraud that show actual intent. *See* Dkt. 27 ¶¶33, 36. As such, the Court finds that the Amended Complaint is sufficient to proceed against Biotech Restorations of Florida, LLC.

9

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint, Dkt. 28, is **DENIED.** The Defendant must file a responsive pleading within 14 days of the entry of this Order.

**DONE AND ORDERED** at Tampa, Florida, on September 16, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of record