UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MACRO ELECTRONICS CORP. and
STEVEN P. APELMAN,

      Plaintiffs,

v.   Case No. 8:24-cv-1296-WFJ-SPF

BIOTECH RESTORATIONS OF
FLORIDA LLC,

      Defendant.
_____/

## ORDER

Before the Court is Plaintiffs' Motion for a Writ of Garnishment, After Judgment, with Defendant Biotech Restorations of Florida, LLC ("Biotech Florida") as Garnishee (Doc. 36). Plaintiffs hold a money judgment from the U.S. District Court for the Eastern District of New York in the amount of $210,987.50, plus post-judgment interest, against Judgment Debtors Biotech Restorations, L.L.C. and Christopher Young (the "Judgment"). In a related miscellaneous case, Plaintiffs registered the Judgment in the U.S. District Court for the Middle District of Florida. *See* Doc. 1, *Macro Electronics Corp. v. Biotech Restorations L.L.C.*, No. 8:22-mc-18-CEH-AAS (M.D. Fla. May 20, 2022). *See* 28 U.S.C. § 1963.

After registering the Judgment in the miscellaneous case, Plaintiffs initiated this "ancillary enforcement action" against Defendant Biotech Florida, alleging a fraudulent conveyance of assets from Judgment Debtors to Biotech Florida in order to avoid satisfaction of the Judgment (Doc. 39). Now, in this action, Plaintiffs have filed this

motion for writ of garnishment. The motion alleges that Judgment Debtor Christopher Young, as Chief Technology Officer of Biotech Florida, regularly receives compensation from Biotech Florida, and as a result, Biotech Florida may be indebted to Christopher Young such that a writ of garnishment is appropriate.

A money judgment is enforceable by a writ of execution provided the procedure on execution and in aid of judgment or execution is in accord with the procedure of the state where the court is located. Fed. R. Civ. P. 69(a)(1). In Florida, "[e]very person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment . . . ." Fla. Stat. § 77.01. Thus, federal courts in Florida may enforce judgments through a writ of garnishment pursuant to Florida law. The problem here, however, is that Plaintiffs' motion appears to have been filed in the wrong case. Indeed, the motion fails to explain why a writ of garnishment is appropriate in this ancillary enforcement action, as opposed to the miscellaneous case. Plaintiffs' motion is based purely on Judgment Debtor Christopher Young's liability for the underlying Judgment and employment with Biotech Florida. In other words, the relief sought by the motion is completely unrelated to Plaintiffs' allegations in this case – namely, that Judgment Debtors fraudulently conveyed their assets to Defendant such that Defendant should be required to remit those assets to Plaintiffs in order to satisfy the Judgment. As a result, the Court finds that the motion should be denied.

Accordingly, it is hereby ORDERED:

(1) Plaintiffs' Motion for a Writ of Garnishment, After Judgment, with Defendant Biotech Restorations of Florida, LLC as Garnishee (Doc. 36) is

DENIED.

DONE in Tampa, Florida, on November 12, 2024.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE