**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MACRO ELECTRONICS CORP.**
and **STEVEN P. APELMAN**,

Plaintiffs,

v. Case No. 8:24-cv-01296-WFJ-SPF

**BIOTECH RESTORATIONS OF FLORIDA LLC**

Defendant.
_________________________________/

# ORDER

Before the Court is Defendant Biotech Restorations of Florida LLC's ("Biotech 2") Motion to Dismiss Count II in Plaintiffs' Second Amended Complaint. Dkt. 40. Plaintiffs Macro Electronics Corp. and Steven P. Apelman have responded in opposition, Dkt. 42, and Defendant replied. Dkt. 44. Upon due and careful consideration, the Court grants Defendant's motion to dismiss Count II from the instant case due to lack of subject matter jurisdiction in this matter.

## BACKGROUND[1]

On January 10, 2018, Plaintiffs obtained a default judgment in the Eastern District of New York ("EDNY case") against Biotech Restorations LLC ("Biotech

[1] A more detailed summary of this case's factual background can be found in the Court's previous motion to dismiss Order. *See* Dkt. 30 at 1-3.

1") and Christopher Young ("Young") to the sum of $210,987.50 plus post-judgment interest (the "Judgment"). Dkt. 39 ¶12. Plaintiffs registered the Judgment in the U.S. District Court for the Middle District of Florida on May 20, 2022. *Id.* ¶13.

In a separate case,[2] Plaintiffs filed a motion to enforce the Judgment against Young and Biotech 1, and Magistrate Judge Amanda Sansone issued an Order on June 13, 2024, denying Plaintiffs' motion because Federal Rule of Civil Procedure 80(a), (e) was the incorrect vehicle to enforce the Judgment. *Id.* ¶14; *Order Denying Motion to Enforce Judgment*, No. 8:22-mc00018-CEH-AAS (M.D. Fla.) (Dkt. No. 23), filed June 13, 2024. On November 12, 2024, Plaintiffs filed a motion for a writ of garnishment against Biotech 2, which Judge Sansone granted pursuant to Fed. R. Civ. P. 69(a)(1). *Order granting Motion for Writ of Garnishment*, No. 8:22-mc00018-CEH-AAS (M.D. Fla.) (Dkt. No. 27), filed November 18, 2024.

In the ancillary enforcement action before this Court, Plaintiffs assert two counts in their Second Amended Complaint.[3] First, Plaintiffs seek to void alleged fraudulent transfers made by Young to Biotech 2, in violation of Florida's Uniform Fraudulent Transfer Act ("FUFTA"), Chapter 726, Florida Statutes. Dkt. 39 at 7. Second, Plaintiffs request "'Outsider Reverse Corporate Piercing' under Florida

---

[2] 8:22-mc-00018-CEH-AAS

[3] In an Endorsed Order, the Court granted Plaintiffs' unopposed request to amend the First Amended Complaint. Dkt. 38. On October 17, 2024, Plaintiffs filed their Second Amended Complaint, adding an "Outsider Reverse Corporate Piercing" claim in Count II. *See* Dkt. 39 at 15.

Law for Collection of the Entire Judgment Against Defendant Biotech [2].” *Id.* at 15. Defendant’s motion only requests dismissal of Count II for lack of subject matter jurisdiction. *See generally* Dkt. 40.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a) requires a short and plain statement of the claim showing that the plaintiff is entitled to relief in order to give the defendant fair notice of the claims and grounds. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The plaintiff must allege “more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.” *Id.*

A motion to dismiss under Rule 12(b)(1) challenges the court’s subject-matter jurisdiction, and Rule 12(b)(1) permits a facial or factual attack. *McElmurray v. Consol. Gov’t of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). On a Rule 12(b)(1) facial attack, the court evaluates whether the plaintiff “has sufficiently alleged a basis of subject matter jurisdiction” in the complaint and employs standards similar to those governing Rule 12(b)(6) review.[4] *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013). Defendant’s

[4] The Court accepts the facts alleged in the Second Complaint as true and draws all reasonable inferences from those facts in favor of the non-movant, Plaintiffs. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). The Court need not accept as true any legal conclusions “couched” as facts. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)).

motion is making a facial attack on the Court's ancillary jurisdiction to adjudicate Count II in this supplementary proceeding. Dkt. 40 at 5.

## DISCUSSION

For the reasons discussed below, the Court lacks ancillary jurisdiction to consider Plaintiffs' reverse corporate piercing claim in Count II. Defendant's motion to dismiss Count II from this proceeding for lack of subject matter jurisdiction is granted.

### I. Ancillary Jurisdiction

Defendant's motion to dismiss argues that because "[t]his action was filed solely as an ancillary proceeding to enforce the Judgment," the Court's "ancillary jurisdiction does not extend to a piercing claim." Dkt. 40 at 5. The Court agrees.

A district court can assert ancillary jurisdiction in two circumstances: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Nat'l Mar. Services, Inc. v. Straub*, 776 F.3d 783, 786 (11th Cir. 2015) (citing *Peacock v. Thomas*, 516 U.S. 349, 354, 116 S.Ct. 862, 867 (1996)). The first type of ancillary jurisdiction, applying to factually interdependent claims, was codified by section 1367, entitled Supplemental jurisdiction. 28 U.S.C. § 1367. This type of

ancillary jurisdiction disappears following dismissal of an original federal dispute. *See Peacock*, 516 U.S. at 355.

The second category, at issue here, invokes a federal court's "power to protect its proceedings and vindicate its authority." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994) (citations omitted). Also known as ancillary enforcement jurisdiction, the second type of ancillary jurisdiction ensures that a federal court has the judicial power to enforce its judgments. *Peacock*, 516 U.S. at 356 (quoting *Riggs v. Johnson County*, 6 Wall. 166, 187, 18 L.Ed. 768 (1868)). Ancillary enforcement jurisdiction can encompass "a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments—including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances." *Peacock*, 516 U.S. at 356; *Straub*, 776 F.3d at 786–87 (same).

Importantly, the Supreme Court has warned "against the exercise of [ancillary] jurisdiction over proceedings that are entirely new and original, or where the relief sought is of a different kind or on a different principle than that of the prior decree." *Peacock*, 516 U.S. at 358 (internal quotation and citation omitted). To the extent a judgment-creditor seeks to make a third party "answerable for the judgment already obtained," the Court lacks ancillary jurisdiction. *Peacock*, 516 U.S. at 358 (quoting H.*C. Cook Co. v. Beecher*, 217 U.S. 497, 498–99 (1910)); *Straub*, 776 F.3d

at 787 ("But ancillary jurisdiction does not extend to a new lawsuit to impose liability for a judgment on a third party.") (internal quotation and citation omitted). "In short, *Peacock* holds that ancillary jurisdiction does not extend to suits demanding that a third party use its legitimately held assets to satisfy a previously rendered judgment." *Gambone v. Lite Rock Drywall*, 288 Fed. App'x. 9, 12–13 (3d Cir. 2008).

Here, in this ancillary proceeding, the Court cannot exercise jurisdiction over the reverse corporate piercing claim in order to create a new judgment decree. Plaintiffs' Second Amendment concedes that ancillary jurisdiction is the only jurisdictional basis for the instant supplementary proceeding. Dkt. 39 ¶¶ 18-20. As such, Plaintiffs' claim in Count II must comply with the Supreme Court's restrictions articulated in *Peacock,* 516 U.S. at 355–57. Plaintiffs' reverse corporate piercing claim, however, seeks to impose on Biotech 2—who was not a defendant in the January 2018 EDNY case—the obligation to pay for the Judgment. Dkt. 39 ¶¶ 64-67. This extension of the Court's ancillary jurisdiction is exactly what *Peacock* warned against because it is inappropriate to "impose[s] an obligation to pay an existing federal judgment on a person not already liable for that judgment." *Peacock*, 516 U.S. at 357. Put another way, Plaintiffs' reverse corporate piercing claim would impose on Biotech 2 an obligation to pay the Judgment that was previously entered against Biotech 1 and Young. But Biotech 2 is not already liable for the Judgment

against Biotech 1 and Young. Thus, the Court would exceed its ancillary jurisdiction if Plaintiffs were allowed to proceed on Count II. *See EGI-VSR, LLC v. Mitjans*, No. 15-20098-CIV, 2020 WL 562476, at *3 (S.D. Fla. Feb. 5, 2020) (finding the court did not have ancillary jurisdiction over the plaintiff's alter ego claim since it seeks to impose liability on a party who was not already liable for that judgment).

Plaintiffs argue Fed.R.Civ.P. 69(a) allows their reverse corporate piercing claim because it is an "execution method" consistent with practice and procedure in Florida. Dkt. 42 at 6 (citing *Peacock*, 516 U.S. at 359 n.7). Moreover, Plaintiffs contend Count II is "a species of the legal concept of fraudulent conveyance." *Id.* at 5. The Court disagrees. Setting aside the fact that Plaintiffs have already been granted an "execution method" via a writ of garnishment,[5] there is a difference between the fraudulent transfer claim in Count I (which are limited to recovery of assets from a party already liable for a judgment that was fraudulently transferred to another) and claims for reverse piercing the corporate veil and/or alter ego (which improperly seek to impose liability for judgment on a third party not already liable for that judgment). *See Straub*, 776 F.3d 786–87; *Pistorello v. Supricel Participacoes LTDA*, No. 6:21-CV-611-WWB-LHP, 2023 WL 4931143, at *5 n.5 (M.D. Fla. June 26, 2023), *report and recommendation adopted,* No. 6:21-CV-611-

[5] *Order granting Motion for Writ of Garnishment*, No. 8:22-mc00018-CEH-AAS (M.D. Fla.) (Dkt. No. 27), filed November 18, 2024. Unlike a reverse corporate piercing claim, the writ of garnishment Plaintiffs received (pursuant to Fed.R.Civ.P. 69(a) and Fla. Stat. § 77.01) has been explicitly identified as within a federal court's ancillary jurisdiction. *Peacock*, 516 U.S. at 356; *Straub*, 776 F.3d at 786–87.

WWB-LHP, 2023 WL 5934540 (M.D. Fla. Aug. 2, 2023). *Peacock* "draws a clear distinction between orders 'requir[ing] compliance with the existing judgment by the persons with authority to comply' and 'shifting of liability for payment of the judgment from the judgment debtor to [others].'" As such, in the instant case, Plaintiffs cannot make a reverse corporate piercing claim in an attempt to shift liability from judgment debtors (Biotech 1 and Young) to Biotech 2. *Alliant Tax Credit Fund 31–A, Ltd. v. Murphy*, No. 1:11–CV–0832–RWS, 2014 WL 11517834, at *3 (N.D. Ga. Mar. 28, 2014).

Finally, the relief sought by Plaintiffs in Count II would be of a "different kind or on a different principle than that of the prior decree." *Peacock*, 516 U.S. at 358. This case is founded not only upon facts different from the prior EDNY case but also upon an entirely new theory of liability. Indeed, any alleged wrongdoing in this case occurred after the Judgment was entered, and Plaintiffs claim of reverse corporate piercing would involve a new theory of liability not asserted in the EDNY case for breach of contract. *See Macro Electronic Corp. and Steven P. Apelman v. Biotech Restorations, L.L.C. and Christopher Young*, No.: 2:16-cv-02037-ADS-SIL (E.D.N.Y.) (Dkt. No. 1), filed April 26, 2016. Besides the Judgment itself, the instant proceeding has little connection to the EDNY case. This is a new action based on theories of relief that did not exist, and could not have existed, at the time Judge Arthur Spatt entered judgment in the EDNY case. *See Peacock*, 516 U.S. at 358–39

(noting the plaintiff's claims of civil conspiracy, fraudulent conveyance, and "veil-piercing" all involved new theories of liability that were not asserted in the prior suit and "could not have existed" at the time the prior court entered judgment). Therefore, the Court cannot exercise ancillary jurisdiction over Count II in this matter.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss Count II in Plaintiffs' Second Amended Complaint, Dkt. 40, is **GRANTED.** Count II in Plaintiffs' Second Amended Complaint is dismissed without prejudice from the instant proceeding. If Plaintiffs wish to assert this claim, they must seek an independent remedy in regular litigation.

**DONE AND ORDERED** at Tampa, Florida, on November 22, 2024.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of record