UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MACRO ELECTRONICS CORP.
and STEVEN P. APELMAN,

       Plaintiffs,

v.                                 Case No: 8:24-cv-01296-JLB-SPF

BIOTECH RESTORATIONS of
FLORIDA LLC,

       Defendant.

_____/

## **ORDER**

This ancillary enforcement action turns on whether the judgment debtors fraudulently transferred their assets to a Florida limited liability corporation to avoid paying another federal court's judgment.  On January 10, 2018, Macro Electronics Corp. and Steven P. Apelman (collectively, "Plaintiffs") obtained a monetary judgment against Judgment Debtors Biotech Restorations, L.L.C. ("BTR") and Christopher Young ("Young") (collectively, "Judgment Debtors").  The judgment was entered by the United States District Court for the Eastern District of New York, for $210,987.50 plus post-judgment interest.  Approximately two and a half years later, on June 8, 2020, Judgment Debtors formed a different corporation, Biotech Restorations of Florida, LLC ("BTRF").  Two years after that, Plaintiffs registered their monetary judgment in the U.S. District Court for the Middle District of Florida on May 20, 2022, against BTRF.

The case is now before this Court on Plaintiffs' Motion for Summary Judgment (Doc. 56) and Defendant's Motion for Summary Judgment (Doc. 59).  The parties have responded and replied to each other's motions for summary judgment. (Docs. 65–66, 68).  Upon careful review of the parties' briefing and the summary judgment record, this Court concludes that Plaintiffs' Motion for Summary Judgment (Doc. 56) is due to be **DENIED,** and Defendant's Motion for Summary Judgment (Doc. 59) is due to be **GRANTED**.

## BACKGROUND[1]

On or about September 20, 2013, at least one of the Judgment Debtors obtained an ownership interest in a bioremediation process for soil, known as FACTOR.  (Doc. 57 at ¶ 8).  Judgment Debtor BTR states on its website that BTR "has saved property owners and developers millions of dollars in cleanup costs."  (*Id.* at ¶ 16).  The website states that BTR has done so "by using its unique, exclusively licensed remediation biotechnology."  (*Id.* at ¶ 17).  And at least one of the Judgment Debtors owns that remediation biotechnology.  (*Id.* at ¶ 18).

Plaintiffs obtained a monetary judgment against Judgment Debtors, entered by the U.S. District Court for the Eastern District of New York, on January 10, 2018, for $210,987.50 plus post-judgment interest.  (*Id.* at ¶ 1).

---

[1] The background section only discusses undisputed facts after this Court's review of the statements of material facts and responses thereto.  *See* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

As noted, Defendant BTRF was formed as a Florida limited liability company on June 8, 2020. (*Id.* at ¶ 9). BTRF states on its website that the company "brings the very latest in bioremediation technology" and that, joined with Judgment Debtors, it offers "treatments that eliminate most soil contaminants." (*Id.* at ¶ 23). The website also states that BTRF "exclusively licensed the proprietary technology to restore soil anywhere." (*Id.* at ¶ 23). Further, the website states that "Chris Young is the Chief Technology Officer of [BTRF]." (*Id.* at ¶ 24) (internal quotation marks omitted).

Plaintiffs registered their monetary judgment against Judgment Debtors BTR & Mr. Young from the U.S. District Court for the Eastern District of New York dated January 10, 2018, in a miscellaneous action in the U.S. District Court for the Middle District of Florida on May 20, 2022. (*Id.* at ¶¶ 1–2). And Plaintiffs filed this ancillary enforcement action against Defendant on May 28, 2024, which seeks enforcement of the judgment rendered on January 10, 2018.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A district court must grant a motion for summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Essex Ins. Co. v. Barrett Moving & Storage, Inc.*, 885 F.3d 1292,

1299 (11th Cir. 2018) (citation and internal quotation marks omitted).  When there are cross-motions for summary judgment, granting summary judgment is appropriate where "one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed."  *United States v. Oakley*, 744 F.2d 1553, 1555–56 (11th Cir. 1984).

An issue is "genuine" if a rational trier of fact, viewing all of the record evidence, could find in favor of the nonmoving party.  *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (citation omitted).  And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case."  *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004) (citations omitted).  In ruling on a motion for summary judgment, courts must "resolve all ambiguities and draw reasonable factual inferences from the evidence in the non-movant's favor."  *Travelers Prop. Cas. Co. of Am. v. Moore*, 763 F.3d 1265, 1268 (11th Cir. 2014) (citation and internal quotation marks omitted).

The moving party bears "the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has done so, the burden flips to the non-moving party to demonstrate the presence of a genuine dispute through citations to specific portions of the record.  Fed. R. Civ. P. 56(c).  "If a party fails to properly support an assertion of fact or fails

4

to properly address another party's assertion of fact as required by Rule 56(c), the Court may . . . consider the fact undisputed for purposes of the motion. . . ." Fed. R. Civ. P. 56(e), (e)(2).

## DISCUSSION

Plaintiffs argue that the undisputed record evidence establishes that the Judgment Debtors conveyed assets to Defendant after entry of judgment against Judgment Debtors. (Doc. 56 at 5–10). Therefore, Plaintiffs argue that they are entitled to summary judgment that Judgment Debtors fraudulently transferred assets to Defendant. (*Id.* at 11–15). Conversely, BTRF argues in its motion for summary judgment that the record does not provide any evidence of a transfer of assets by Judgment Debtors to BTRF. (Doc. 59 at 6–10). Thus, Defendant argues that it is entitled to summary judgment in its favor on the alleged count of fraudulent transfer. (*Id.* at 1–2). Resolving all ambiguities and drawing factual inferences in the non-movant's favor, this Court finds that Defendant's motion for summary judgment (Doc. 59) is due to be **GRANTED**. In turn, Plaintiffs' motion for summary judgment (Doc. 56) is due to be **DENIED**.

Plaintiffs argue in their motion for summary judgment that there was a transfer of assets from Judgment Debtors to BTRF after the entry of judgment against Judgment Debtors. (Doc. 56 at 10). Specifically, Plaintiffs allege that the Operating Agreement of BTRF has an addendum that makes clear that at least one of the Judgment Debtors made equity contributions to BTRF of (1) the proprietary soil remediation process and (2) $36,000 worth of soil tests and Bench Studies for

5

six months for projects in Florida. (*Id.*; Doc. 58-4 at 6). Consequently, Plaintiffs assert that they are entitled to the entry of summary judgment on their claim for fraudulent transfer. (Doc. 56 at 5, 14–15). BTRF states that the language referencing these equity contributions does not come from the Addendum but rather comes from a separate document entitled "Biotech Restorations of Florida (an LLC To Be Formed) A Proposed Business Initiative." (Docs. 67 at 2, 58-4 at 3).

In turn, BTRF, in its Motion, states that Plaintiffs failed to point to any record supporting the existence of a transfer of assets to BTRF. (Doc. 59 at 2, 6–8).[2] BTRF highlights that Plaintiffs, in their Second Amended Complaint, spoke of "assets, business interests and revenues" being moved to BTRF but failed to name a single asset involved, and, in discovery, failed to adduce evidence of any actual conveyance. (*Id.* at 7). As a result, BTRF contends that it is entitled to the entry of summary judgment against the claim for fraudulent transfer. (*Id.* at 10). Plaintiffs highlight as alleged proof of an asset transfer, in their response to Defendant's motion for summary judgment, the reference in the alleged First Addendum to Judgment Debtor BTR's contribution of "its expertise and proprietary process knowledge as its equity investment" and performance of "soil tests and Bench Studies for six (6) months for projects in Florida as its initial equity contribution (estimated at $36,000)." (Doc. 65 at 16–17). And Plaintiffs also highlight a website

---

[2] Defendant BTRF also introduces an affidavit with its Motion for Summary Judgment (Doc. 60-1), which Plaintiffs claim is a "sham affidavit." (Doc. 64). This Court does not rely on this affidavit in its decision and therefore does not discuss or reach the issue of the affidavit.

reference to BTRF having "exclusively licensed the proprietary technology to restore soil" as alleged proof of the transfer of the bioremediation technology to BTRF. (*Id.*).

The present action is an ancillary enforcement action seeking enforcement of a judgment rendered in a separate action based on diversity jurisdiction.  In diversity cases, "a federal court applies the substantive law of the forum state." *Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 571 (11th Cir. 1991).  Thus, this Court must apply Florida law.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").

For fraudulent conveyance under Fla. Stat. § 726.105(1)(a), the Florida Uniform Fraudulent Transfer Act requires "[1] a creditor to be defrauded, [2] a debtor intending fraud, [3] and a conveyance of property which is applicable by law to the payment of the debt due." *Wiand v. Lee*, 753 F.3d 1194, 1199–1200 (11th Cir. 2014) (internal quotation marks omitted) (quoting *Johnson v. Dowell,* 592 So.2d 1194, 1196 (Fla. 2d DCA 1992)).  "A fraudulent transfer must be of an asset, which is defined as any property of a debtor, excluding certain narrow exceptions." *Wiand*, 753 F.3d at 1200 (internal quotation marks omitted) (citing Fla. Stat. § 726.102(2)). Property means anything that may be the subject of ownership.  § 726.102(11).

Here, this Court has thoroughly reviewed the record and agrees with Defendant, finding that there is no genuine dispute raised here by Plaintiffs as to the material fact of whether Judgment Debtors in fact transferred the

7

bioremediation technology to BTRF.  Plaintiffs have failed to produce evidence of a transfer of assets from Judgment Debtors to BTRF.  (*See* Doc. 58-4 at 6).

First, Plaintiffs cite to a document titled, "Biotech Restorations of Florida (an LLC To Be Formed) A Proposed Business Initiative."  (Docs. 67 at 2, 58-4 at 3).  And Plaintiffs allege that this document is an addendum to BTRF's Operating Agreement (Doc. 57 at ¶¶ 20–21), which Defendant disputes.  (Doc. 67 at 2).  Regardless of the provenance of the document discussing *potential* equity contributions from BTR to BTRF, it is merely a business plan formed by one of the Judgment Debtors concerning BTRF's formation.  (Doc. 58-4 at 6).  A business proposal, akin to a statement of intent, contemplating potential future equity contributions cannot serve as proof that such contributions in fact took place.  *See Lafarge N. Am., Inc. v. Matraco Colorado, Inc.*, No. 07-80112-CIV, 2008 WL 2277503, at \*4 (S.D. Fla. May 30, 2008) (citing *Bergman v. DeIulio*, 826 So.2d 500 (Fla. 4th DCA 2002); *Spanish Broadcasting System of Fla., Inc. v. Alfonso*, 689 So.2d 1092 (Fla. 3d DCA 1997)).

A rational trier of fact could not construe a business *proposal* as supportive of Plaintiff's claim of an *actual* transfer of assets.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." (internal quotation marks omitted)).  Here, Plaintiffs speculate that an actual transfer took place based on a business plan subject to future understandings.  But a business plan is not a binding contract.  *See White Const.*

*Co. v. Martin Marietta Materials, Inc.*, 633 F. Supp. 2d 1302, 1320–22 (M.D. Fla. 2009) (citing *Doll v. Grand Union Co.*, 925 F.2d 1363, 1368–69 (11th Cir.1991)). The business plan document is full of conditional language about future actions that BTR may take, subject to "further understandings," in the proposed formation of BTRF. (Doc. 58-4 at 4); *see also Midtown Realty, Inc. v. Hussain*, 712 So.2d 1249, 1251–52 (Fla. 3d DCA 1998) ("[T]he trial court properly concluded that the parties were continuing to negotiate the terms of the proposed sale, that a final agreement was never reached, that the Letter of Intent was not a binding agreement, and that the . . . claim for breach of contract was insufficient as a matter of law."). Based on this business proposal, a reasonable trier of fact cannot make the factual inference in favor of Plaintiffs that a transfer of assets took place.

Even if it were reasonable to accept a conditional document as proof that these equity contributions in fact took place, this Court cannot find that such contributions would constitute a conveyance of property *which is applicable by law to the payment of the debt* due. *See Wiand*, 753 F.3d at 1200. Here, the purported contributions are services to be provided by BTR to BTRF. (Doc. 58-4 at 6). It cannot be said that the "expertise and proprietary process knowledge" and performance of soil tests are property subject to ownership that could be applied toward the debt owed to Plaintiffs. *See* §§ 726.102(11), 726.105(1)(a); *Wiand*, 753 F.3d at 1200. Plaintiffs make an unsupportable, inferential leap from the purported intent of BTR to provide "expertise and proprietary process knowledge" in the alleged addendum to say that BTR transferred its bioremediation technology to

9

BTRF.  (Doc. 68 at 5).  This Court finds that the evidence of the business plan does not support this proposition.

Moreover, Plaintiffs impermissibly attempt to recast their second amended complaint to stave off summary judgment in favor of Defendant.  Upon review of the second amended complaint, Plaintiffs did not raise a services-for-equity contribution theory therein and cannot now recast their Fla. Stat. § 726.105(1)(a) actual transfer of assets claim at the summary judgment stage.  (Doc. 39); *see Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint . . . .").

Second, Plaintiffs also cite Defendant's website, which states that BTRF "exclusively licensed the proprietary technology to restore soil."  (Doc. 56 at 9).  But that does not provide proof, as Plaintiffs attempt to argue, that **BTR** completely transferred its technology to BTRF.  (Doc. 68 at 5).  A reference to an exclusive license fails to raise a genuine question as to whether BTRF obtained complete ownership of the technology.  Plaintiffs ask to treat their conjecture—that BTR transferred ownership of its bioremediation technology to BTRF—as fact.  The website's advertising of an exclusive license does not constitute specific factual support for Plaintiff's conclusory allegation of a transfer of the bioremediation technology. *See Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985).

Plaintiffs point to "BTRF's Response to Plaintiffs' Motion for Writ of Execution" in a separate miscellaneous action to suggest that BTRF received all

10

substantial rights to the technology and therefore was assigned ownership.  (Doc. 65 at 12–13).  In that response, BTRF only denied "paying or owing Judgment Debtors licensing fees, [and] having a license agreement with the Judgment Debtors."  (*Id.*)  First, that document is not from this action[3] or in the statements of material facts in the record before this Court.  (*See* Docs. 57, 60).  Second, even if this Court were to take judicial notice of the action, it is notable that the action ended with the Court there dismissing Plaintiffs' requested enforcement because Plaintiffs had not established that BTRF had received any assets from Judgment Debtors.[4]  Claiming that the technology's ownership was transferred to BTRF based on the BTRF website advertising an exclusive license and BTRF's denial of any licensing fees or licensing agreement in place alone is insufficient.  This Court finds that no genuine issue of material fact as to whether Judgment Debtors in fact transferred the bioremediation technology to BTRF exists.

Together, contrary to what Plaintiffs argue, the summary judgment record, namely a conditional statement of intent of a potential equity contribution by Judgment Debtors of "proprietary process *knowledge*" and the mention of an exclusive license to the technology on BTRF's website (Docs. 58-4 at 6, 56 at 9), does not raise a dispute as to whether there was an outright transfer of ownership of the

---

[3] Resp. to Pls.' Mot. for Writ of Execution at 3 n.1 (Doc. No. 43, filed Jan. 3, 2025), *Macro Electronics Corp. et al. v. Biotech Restorations, L.L.C. et al.*, Miscellaneous Action No. 8:22-mc-00018-CEH-AAS (M.D. Fla. 2025).

[4] R. & R. 2 (Doc. No. 53, entered May 8, 2025), *Macro Electronics Corp. et al. v. Biotech Restorations, L.L.C. et al.*, Miscellaneous Action No. 8:22-mc-00018-CEH-AAS (M.D. Fla. 2025).

bioremediation technology to BTRF.  The lack of documents in the record with factual support proving the execution of any equity contribution by Judgment Debtors to BTRF or corroborating an actual transfer of the technology from Judgment Debtors to BTRF is irrefutable.

Viewing the evidence in the light most favorable to the non-movant, the Court finds that no genuine issues of material fact remain, and Defendant is entitled to judgment as a matter of law.  Therefore, Defendant's Motion for Summary Judgment is granted, and Plaintiffs' Motion for Summary Judgment is denied.

### CONCLUSION

This Court is confident that it reviewed all applicable record evidence in this case.  Defendant Biotech Restorations of Florida, LLC's motion for summary judgment (Doc. 59) is **GRANTED**.  Plaintiffs' motion for summary judgment (Doc. 56) is **DENIED**.  The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and against Plaintiffs, terminate any pending deadlines, deny any pending motions as moot, and close the file.

**IT IS ORDERED** in Tampa, Florida, on July 7, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

12