UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MACRO ELECTRONICS CORP.
and STEVEN P. APELMAN,

Plaintiffs,

v. Case No: 8:24-cv-01296-JLB-SPF

BIOTECH RESTORATIONS of FLORIDA LLC,

Defendant.
_______________________________________/

**ORDER**

On January 10, 2018, Macro Electronics Corp. and Steven Apelman (collectively, "Plaintiffs") obtained a monetary judgment against Judgment Debtors Biotech Restorations, LLC ("BTR") and Christopher Young (collectively, "Judgment Debtors"), entered by the United States District Court for the Eastern District of New York, for $210,987.50 plus post-judgment interest. (Doc. 1 at ¶ 12). Defendant Biotech Restorations of Florida, LLC ("BTRF") was formed on June 8, 2020, in Florida. (*Id.* at ¶ 6). Plaintiffs registered their monetary judgment in the United States District Court for the Middle District of Florida on May 20, 2022. (*Id.* at ¶ 13). And the present action is an ancillary enforcement action brought on May 28, 2024, which seeks enforcement of the judgment rendered on January 10, 2018. (Doc. 1). Both parties moved for summary judgment (Docs. 56, 59). Defendant responded (Doc. 66) to Plaintiffs' Motion, and Plaintiffs replied (Doc. 68). Plaintiffs responded (Doc. 65) to Defendant's Motion, and Defendant replied (Doc. 69).

On July 7, 2026, the Court granted Defendant's Motion for Summary Judgment (Doc. 59) and denied Plaintiffs' Motion for Summary Judgment (Doc. 56). (Doc. 71). And judgment was entered in favor of Defendant on July 8, 2026. (Doc. 72). Plaintiffs have now filed a motion for reconsideration ("Motion"), asking this Court to reconsider its summary judgment. (Doc. 74). Defendant has responded. (Doc. 75). Plaintiffs have replied. (Doc. 80). For the reasons that follow, Plaintiffs' Motion for Reconsideration (Doc. 74) is **DENIED**.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment no later than 28 days after the entry of judgment. To succeed on a motion to alter or amend a judgment, the moving party must demonstrate (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

The Court's reconsideration of a previous order is an extraordinary remedy only to be employed sparingly. *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). A motion to alter or amend judgment may not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment. *Arthur*, 500 F.3d at 1343.

## DISCUSSION

Plaintiffs move for this Court to reconsider its order granting summary judgment in favor of Defendant, because Plaintiff alleges that the court committed "clear error" when it held, according to Plaintiff, that Defendant's denial of licensing fees and any exclusive licensing agreement disproved a fraudulent transfer. (Doc. 74). Plaintiffs raise four arguments in support: (1) the Court "applied record evidence concerning the absence of a licensing fee to the wrong element of the fraudulent-transfer analysis," (2) applying "that evidence in isolation rather than cumulatively with the remaining badges of fraud of record" is contrary to the totality-of-the-circumstances approach Florida law requires, (3) the Court did not address controlling Florida Supreme Court authority "that an unrestricted exclusive license is properly characterized as a transfer of ownership regardless of its label," and (4) the Court overlooked a genuine dispute of material fact "that independently precluded summary judgment under Rule 56 in favor of [Defendant]." (*Id.* at 7–8). The Court finds all four arguments unpersuasive and rejects them in turn.

First, the Court did not rely upon that evidence concerning a lack of consideration, namely Defendant's Affidavit and the fee denial therein, in reaching its decision on the *existence* of a transfer of assets. (*See* Doc. 71 at 7–10). Plaintiffs assert that the Court treated a lack of consideration as defeating the existence of a transfer. (Doc. 74 at 7). And Plaintiffs state that a lack of consideration should instead be evidence bearing on the value exchanged and therefore construed as support for a constructive fraud theory. (*Id.*). The Court did not rely on the

affidavit or the issue of a lack of consideration raised therein for its holding on whether a transfer occurred in the first place. (Doc. 71 at 6 n.2). The record evidence as a whole did not even establish whether a transfer occurred at all. (*Id.* at 7–10).

Plaintiffs otherwise reiterate in their first argument what they litigated at the motion for summary judgment stage regarding whether the record evidence established that a transfer occurred. (Doc. 74 at 10). And a motion for reconsideration may not be used to relitigate old matters. *Arthur*, 500 F.3d at 1343. That said, the Court will reiterate that *viewing all record evidence in the light most favorable to Plaintiffs*, even the record evidence set forth by Plaintiffs failed to establish a fraudulent transfer in the first instance. Plaintiffs pointed to the following to establish that a fraudulent transfer took place: (1) BTRF's website advertised an exclusive license to the bioremediation technology and (2) a proposed business initiative stated that BTR would contribute "its expertise and proprietary process knowledge" and performance of "soil tests and Bench Studies" as its equity contribution to BTRF. (Doc. 65 at 16–17; Doc. 71 at 6, 11–12).

To demonstrate a fraudulent transfer under Fla. Stat. § 726.105, Plaintiffs needed to demonstrate first and foremost "a conveyance of property which is applicable by law to the payment of the debt due." *Wiand v. Lee*, 753 F.3d 1194, 1199–1200 (11th Cir. 2014) (quoting *Johnson v. Dowell*, 592 So. 2d 1194, 1196 (Fla. 2d DCA 1992)). Plaintiffs' record evidence, altogether, failed to create a genuine dispute as to whether a complete transfer of the bioremediation technology actually

took place. (Doc. 71 at 11–12). Plaintiffs failed to point to any documents in the record to support an actual transfer of assets. (*Id.* at 7–10). Accordingly, Plaintiffs' first argument is unpersuasive.

Second, the Court did not need to reach the distinct inquiry into the badges of fraudulent transfer because the record evidence did not permit it to move beyond the primary inquiry into whether a transfer even occurred. (*Id.* at 7–10). Plaintiffs' second argument—that the Court applied "evidence in isolation rather than cumulatively with the remaining badges of fraud of record, contrary to the totality-of-the-circumstances approach Florida law requires"—is therefore also unpersuasive like the first argument. (Doc. 74 at 7–8). The Court's holding did not reach the element of intent to defraud under Fla. Stat. § 726.105 because the Court relied on the record evidence's failure to even establish that a transfer of assets occurred to begin with. (Doc. 71 at 7–10).

Plaintiffs' third argument that the Court did not consider Florida Supreme Court authority on an "assignment-versus-license question" is likewise unpersuasive. (Doc. 74 at 11–12). Like the above arguments, this argument ignores that the Court disposed of the matter based on the complete lack of evidence presented by Plaintiffs of the foundational element, an actual transfer of assets from the Judgment Debtors to BTRF. (Doc. 71 at 7–10). The cases that Plaintiffs cite are inapposite because this Court found a lack of documents in the record to even corroborate that an actual transfer of technology took place. (Docs. 71 at 7–10; 74 at 4–5). The Court did not, consequently, have to engage in any analysis for its

holding concerning a governing license agreement, the substance of the interest *actually* transferred, and whether any substantial rights were retained. (Docs. 71 at 7–10; 74 at 5).

Last, Plaintiffs argue that the Court overlooked a genuine dispute of material fact that independently precluded summary judgment under Rule 56 in favor of Defendant. (Doc. 74 at 7–8). Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "There is a genuine issue of material fact if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (citing *Patterson & Wilder Constr. Co. v. United States*, 226 F.3d 1269, 1273 (11th Cir. 2000)).

Here, Plaintiffs argue a new theory in their Motion, which was not argued at the summary judgment stage, that seeks to extend the "sham affidavit" doctrine beyond its traditional application. (Doc. 74 at 17–18). Plaintiffs rely on an alleged contradiction between the website advertisement and Defendant's denial that an exclusive licensing agreement exists in an affidavit it attempted to introduce at the summary judgment stage, which the Court did not need to rely on, as it found Plaintiffs did not introduce record evidence disputing the absence of any transfer of assets. (*Id.* at 15–18; Doc. 71 at 7–10). Indeed, Plaintiffs had asked that the Court strike, or otherwise set aside, that document as a "sham affidavit" at the motion for summary judgment stage. (Doc. 65 at 1–8). Now, Plaintiffs seek to use that same

document affidavit, as well as statements beyond the record here from related litigation that Plaintiffs already failed to have the Court take judicial notice of, as a sword to create a novel "dispute" to preclude summary judgment in favor of Defendant. But such an argument is improperly raised because "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997); *Quijano v. U.S. Att'y Gen.*, 728 F. App'x 950, 952 (11th Cir. 2018) (finding that new arguments raised in a motion to reconsider were improper where the arguments could have been raised earlier in the proceedings). To reiterate here, Plaintiffs disregard the fact that the Court based its decision on the fact that Plaintiffs' record evidence, including the website advertisement and all other record evidence viewed in the light most favorable to Plaintiffs, failed to raise a genuine dispute as to a lack of any transfer of assets from Judgment Debtors to BTRF. (Doc. 71 at 7–10). Thus, reconsideration of this argument is improper.

In sum, Plaintiffs alleged that BTRF received a fraudulent transfer of assets from the Judgment Debtors. (Docs. 39, 56). Defendant moved for summary judgment on the ground that Plaintiffs failed to raise a genuine dispute of material fact as to whether a transfer of assets even occurred. (Doc. 59). As Plaintiffs state, Fla. Stat § 726.105 "presupposes a transfer and *then* asks what the debtor received in return." (Doc. 74 at 10) (emphasis added). Without a transfer of assets in the first place, the Court need not have reached that element of fraudulent intent. *See* Fla. Stat. § 726.105. That remains unchanged. Because Plaintiffs' record

evidence failed to raise a genuine dispute as to the absence of a transfer of assets, there was no need for the Court to proceed to analyze whether there were badges of fraud or an assignment-versus-license question. In other words, Plaintiffs' arguments that the Court applied evidence of badges of fraud incorrectly or that the Court failed to consider assignment-versus-license case law are perplexing because the Court had no need to reach those factors. Plaintiffs did not point to any summary judgment evidence that raised a genuine dispute as to whether a transfer of assets actually took place. This drove the Court's decision to grant Defendant's Motion for Summary Judgment.

**CONCLUSION**

Accordingly, the Court finds that Plaintiffs' Motion for Reconsideration (Doc. 74) is **DENIED**.

**IT IS SO ORDERED** in Tampa, Florida, on October 6, 2026.

John L. Badalamenti

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE